ANNIE RAGSDALE v. THE STATE.

No. 14046. Delivered March 4, 1931.
Rehearing Denied April 8, 1931.

The opinion states the case.

*Alex P. Pope* and *Truman Warren,* both of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for a period of two years.

The indictment is regular and regularly presented. The motion for new trial was overruled and notice of appeal given on July 8th. Ninety

days were allowed within which to prepare and file the statement of facts and bills of exception, which time expired on October 7, 1930. The bills of exception found in the record were filed October 11th, and the statement of facts filed October 21, 1930, both of which dates were more than ninety days after the motion for new trial was overruled. By the statute, Art. 760, C. C. P., this court is precluded from considering either the statement of facts or the bills of exception.

The judgment and sentence fail to take note of the Indeterminate Sentence Law. The judgment should condemn the appellant to confinement in the state penitentiary for a term of not less than one nor more than two years. The judgment is reformed to that effect, and as reformed, it is affirmed.

*Reformed and affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Article 775 of our Code of Criminal Procedure, providing for the indeterminate sentence, makes no reference to the form of the judgment in the court below. In our original opinion directing that the terms of said statute be complied with, we ordered that the judgment be reformed, but failed to make the same order as to the sentence. The sentence pronounced against appellant will be corrected so as that he will be therein sentenced to not less than one nor more than two years in the penitentiary. Further than this the motion for rehearing will be overruled.

*Overruled.*